IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James Queen, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  10 C 5811 |
| Midland Funding, LLC, a Delaware limited liability company, and Midland Credit Management, Inc., a Kansas Corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, James Queen, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) the Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, James Queen ("Queen"), is a citizen of the State of West Virginia, from whom Defendants attempted to collect a delinquent consumer debt owed for an HSBC Bank Nevada credit card ("HSBC"), which was then allegedly owed to a bad debt buyer, Midland Funding, LLC. These collection actions took place despite the fact that

he had told the Defendants that he refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Midland collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Midland is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like it related/sister corporation, Defendant Midland Credit Management, Inc..

6. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant MCM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Mr. Queen.

7. From their offices in San Diego, California, Defendants operate a nationwide debt purchasing/collection business, and attempt to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

8. Both of the Defendants are licensed to conduct business in Illinois, and maintain registered agents here, <u>see</u>, record from the Illinois Secretary of State,

attached as Group Exhibit A. In fact, both Defendants do business in Illinois by collecting delinquent consumer debts from many thousands of Illinois consumers.

9. Moreover, both Defendants are licensed as collection agencies in Illinois, see, record from the Illinois Division of Professional Regulation attached as Group Exhibit B. In fact, both Defendants act as debt collectors in Illinois.

## FACTUAL ALLEGATIONS

10. Mr. Queen is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a consumer debt he owed for an HSBC credit card. After that debt became delinquent, it was allegedly bought by Defendant Midland, and when Midland began trying to collect this debt from Mr. Queen, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

11. Specifically, Defendants Midland and MCM hired another debt collector, Enhanced Recovery Corporation ("ERC") to demand payment of the Midland/HSBC debt from Mr. Queen. Accordingly, on April 26, 2009, one of Mr. Queen's attorneys at LASPD informed Defendants Midland and MCM, through their agent, ERC, that Mr. Queen was represented by counsel, and directed Midland and MCM to cease contacting him, and to cease all further collection activities because Mr. Queen was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

12. Nonetheless, Defendants Midland and MCM sent a collection letter, dated June 7, 2010, directly to Mr. Queen, demanding payment of the HSBC debt. A copy of this letter is attached as Exhibit D.

13. Accordingly, on July 29, 2010, Mr. Queen's LASPD attorney had to send Defendants another letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

14. All of Defendants' collection actions complained of herein – the June 7, 2010 collection letter (Exhibit D) -- occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Mr. Queen's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20. Plaintiff adopts and realleges ¶¶ 1-17.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew that Mr. Queen was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing, that he was represented by counsel, and had directed Defendants to cease directly communicating with Mr. Queen. By directly sending Mr. Queen a collection letter, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, James Queen, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Queen, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, James Queen, demands trial by jury.

                                                  James Queen,

                                            By: /s/ David J. Philipps
                                            One of Plaintiff's Attorneys

Dated: September 14, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com